**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURDIAL SINGH; SUKHWINDER KAUR, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 10-72315 <br><br> Agency Nos.     A094-998-070 <br>                   A094-998-071 <br><br><br> MEMORANDUM[*] |
| GURDIAL SINGH; SUKHWINDER KAUR, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-70509 <br><br> Agency Nos.     A094-998-070 <br>                   A094-998-071 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2015

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Gurdial Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals (BIA) order dismissing his appeal from the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He also petitions for review of the BIA's denial of his motion to reopen. We grant in part and deny in part Singh's petition for review.

1.      Substantial evidence supports the IJ's adverse credibility determination. Under the REAL ID Act, an IJ may, after considering the "totality of the circumstances, and all relevant factors," base an adverse credibility determination on a witness's inconsistent statements. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (citations omitted). The IJ noted, among other inconsistencies, that Singh wrote in his application for asylum that he was beaten following his 2003 arrest but later testified that he was not beaten during that incident. Because this inconsistency is borne out in the record, substantial evidence supports the IJ's adverse credibility determination. *See id.* at 1043 & n.4.

2.      Substantial evidence also supports the IJ's and BIA's determination that, even assuming Singh was credible, any presumption of future persecution was

rebutted by evidence of changed country conditions. The country reports support the IJ's and BIA's conclusion that conditions had changed in India such that it is now safe for Singh to live there. *See Jagtar Singh v. Holder*, 753 F.3d 826, 834–35 (9th Cir. 2014) (explaining that country conditions reports may rebut the presumption of future persecution as long as the agency engages in an individualized analysis of how those reports impact the specific applicant's claimed fear of future persecution).

**3.**     The BIA abused its discretion in denying Singh's motion to reopen. The BIA faulted Singh for not providing original copies of the affidavits supporting his motion to reopen, remarking that it was troubled by the lack of originals in light of the previous adverse credibility determination.[1] However, "[w]e have long held that credibility determinations on motions to reopen are inappropriate. Indeed, facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable." *Bhasin v. Gonzales*, 423 F.3d 977, 986–87 (9th Cir. 2005) (citation omitted). Because the BIA questioned the veracity of the facts alleged in Singh's affidavits without finding them inherently unbelievable, we remand for the BIA to treat the allegations as true and then determine whether "the

---

[1] The BIA's Practice Manual "strongly recommends that parties submit *copies* of supporting documents, not originals, unless instructed otherwise." *Board of Immigration Appeals Practice Manual* § 3.3(d)(iv) (emphasis added).

new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Id.* at 984.

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART.** Each party shall bear their own costs and fees.